IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENJAMIN DAVIS | § | |
| Petitioner, | § | |
| VS. | § | NO. 3-08-CV-2116-G |
| SHERIFF LUPE VALDEZ | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Benjamin Davis, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

Petitioner is currently incarcerated in the Dallas County Jail awaiting trial for aggravated robbery and evading arrest. On November 24, 2008, petitioner filed this action in federal district court alleging that he has been denied a speedy trial. After reviewing his *pro se* writ, the court sent written interrogatories to petitioner in order to determine whether this claim was presented to the Texas Court of Criminal Appeals in a procedurally correct manner. Petitioner answered the interrogatories on December 17, 2008. The court now determines that this case should be summarily dismissed for failure to exhaust state remedies.

II.

A pretrial detainee must fully exhaust available state remedies before seeking federal habeas relief. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 108 S.Ct. 352 (1987).[1] This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). In Texas, a pretrial detainee must present his claims to the Texas Court of Criminal Appeals before seeking relief in federal court. *See Hamilton v. Dretke*, No. 3-04-CV-2465-L, 2005 WL 38977 at *1 (N.D. Tex. Jan. 6, 2005), *rec. adopted*, 2005 WL 256472 (N.D. Tex. Jan. 31, 2005); *Davis v. Anderson*, No. 4-03-CV-0522-Y, 2003 WL 22389281 at *1-2 (N.D. Tex. Sept. 10, 2003), *rec. adopted*, 2003 WL 22387579 (N.D. Tex. Sept. 30, 2003), *appeal dism'd*, No. 03-11046 (5th Cir. Feb. 6, 2004). Exceptions exist only where there is an absence of available state corrective process or "exceptional circumstances of peculiar urgency" render such process ineffective to protect the rights of the applicant. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Anthony v. Texas*, No. H-08-904, 2008 WL 938582 at *1 (S.D. Tex. Apr. 4, 2008), *citing* 28 U.S.C. § 2254(b)(1).

In his interrogatory answers, petitioner states that he filed a writ of habeas corpus in the court where his case is pending, but has not received a response. (*See* Mag. J. Interrog. #2). However, no such filing is reflected on the official websites of Dallas County, Texas or the Texas Court of

---

[1] While section 2241 does not expressly contain an exhaustion requirement, a pretrial detainee must exhaust state remedies under the theory that federal courts should abstain from interfering with a pending state court proceeding. As the Fifth Circuit explained:

> [A] body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson*, 816 F.2d at 225, *citing Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92, 93 S.Ct. 1123, 1126-28, 35 L.Ed.2d 443 (1973).

Criminal Appeals. Moreover, the proper method for challenging the denial of a speedy trial is by filing a motion to set aside the indictment under Article 27.03 of the Texas Code of Criminal Procedure. *See Smith v. Gohmert*, 962 S.W.2d 590, 592-93 (Tex. Crim. App. 1998). If the trial court denies the motion, the defendant may appeal that ruling post-conviction. *Id.* at 592. The Texas Court of Criminal Appeals has recognized that speedy trial violations are appropriate for review on post-conviction appeal, but not in a pretrial application for writ of habeas corpus. *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001); *see also Anthony*, 2008 WL 938582 at *2 (citing cases). Therefore, even if petitioner filed a state writ of habeas corpus, he has not exhausted his state remedies in a procedurally correct manner.[2]

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[2] The court notes that pretrial mandamus relief may be available from the Texas Court of Criminal Appeals to enforce the right to a speedy trial. *See Anthony*, 2008 WL 938582 at *2 (citing cases). However, petitioner does not allege that he filed a writ of mandamus.

DATED: December 19, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE